Harold Curtis Edmond v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-173-CR

Â Â Â Â Â HAROLD CURTIS EDMOND,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Criminal Court No. 2
Tarrant County, Texas
Trial Court # 0721944
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Harold Curtis Edmond was convicted by the trial court of the offense of assault. 
See Tex. Pen. Code Ann. Â§ 22.01 (Vernon 1994). Edmondâs punishment was assessed at 30
days in the county jail. Edmond has filed a motion to dismiss his appeal. In relevant portion,
Rule 42.2 of the Texas Rules of Appellate Procedure states:
(a) At any time before the appellate courtâs decision, the appellate court may dismiss the
appeal if the appellant withdraws his or her notice of appeal. The appellant and his or
her attorney must sign the written withdrawal and file it in duplicate with the appellate
clerk, who must immediately send the duplicate copy to the trial court clerk.

Tex. R. App. P. 42.2(a).
Â Â Â Â Â Â We have not issued a decision in this appeal. The motion is signed by both Edmond and his
attorney. Thus, the motion meets the requirements of the rules and is granted.
Â Â Â Â Â Â Edmondâs appeal is dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM


Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed on appellant's motion
Opinion delivered and filed July 21, 1999
Do not publish



ont-family:"CG Times"'>
Â 

Â 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-650-C

Â 



MEMORANDUM 
Opinion



Â 








Jason Bruce Paris was indicted for driving while
intoxicated.Â  Because of ParisÂs prior DWI convictions, the punishment was
enhanced to a second degree felony.Â  Tex. Pen. Code Ann. Â§Â§ 12.42(a)(3),
49.09(b)(2) (Vernon Supp. 2004-05).Â 
A jury found Paris guilty of felony DWI and assessed punishment at
ten yearsÂ confinement.Â  Paris brings two issues on appeal: (1) the evidence
is factually insufficient to support a finding that he was intoxicated when he
drove a vehicle; and (2) the prosecutor made an improper and prejudicial
statement during closing argument during the punishment phase that should have
resulted in a mistrial.

Â Â Â Â Â Â Â Â Â  We
will overrule the issues and affirm the judgment.

BACKGROUND

Â Â Â Â Â Â Â Â Â  Shortly
after one
 oÂclock in the morning,
a Waco police officer was dispatched to a restaurant
regarding a car accident.Â  He spoke with
a waitress at the restaurant and determined that someone had backed a pickup
truck into her car in the parking lot and damaged her car.Â  He spoke with the owner of the truck who
informed him that Paris was driving the truck at the time of the
accident.Â  The officer approached Paris,
who was sitting at a table inside the restaurant.Â  The officer testified that Paris admitted being the driver. He also testified
that he smelled a strong odor of alcohol on ParisÂs breath, that Paris Âkind of swayedÂ getting up from the booth, that
he had to put his hand on the table to maintain his balance, and that he walked
to the door of the restaurant in a Âshuffle typeÂ motion but in a straight
line.Â  The officer asked Paris if he had had anything to drink.Â  Paris responded that he had not.Â  The officer then informed Paris that he was going to test him for intoxication
and began to administer a horizontal gaze nystagmus test.Â  The officer testified that after he made one
pass with his pen, Paris Âthrew his hands up and said Âfuck youÂ and
turned around and started towards the interstate.ÂÂ  The officer then arrested Paris.Â  On a
video taken at the jail and shown to the jury, Paris refused to take an intoxilyzer test.

Factual
Sufficiency

Â Â Â Â Â Â Â Â Â  Paris argues that the evidence is factually
insufficient to support a finding that he was intoxicated when he drove the
vehicle.Â  We review factual sufficiency
by considering all of the evidence in a neutral light to determine whether a
jury was rationally justified in finding guilt beyond a reasonable doubt.Â  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).Â  The evidence may be factually insufficient
either because the evidence that supports the verdict is too weak to support a
beyond-a-reasonable-doubt guilt finding or because the evidence contrary to
guilt is strong enough that the beyond-a-reasonable-doubt standard could not
have been met.Â  Id.

Â Â Â Â Â Â Â Â Â  Paris argues that there is evidence against
intoxication.Â  The officer testified
that, except for his profanity and refusal to submit to any sobriety tests, Paris was compliant with his instructions and
compliant during the handcuffing and arrest.Â 
The officer also said that Paris Âstood straight and tallÂ during the jail video
shown to the jury.Â  ParisÂs wife testified that Paris had a bad back which affected his walking and
standing, and that he was not intoxicated when she saw him earlier that
evening.Â  The owner of the truck
testified that he did not think that Paris was intoxicated.Â  However, he admitted that two months before
the trial he had told a detective that Paris had been drunk at the time of the accident.Â  He explained that at the time he made the
statement he was angry with Paris
because he had to pay to have the waitressÂ car repaired.Â  He testified that Paris had a beer with him when he picked Paris up, but that although they had spent the
evening at a pool hall, neither of them drank alcohol at the pool hall.

Â Â Â Â Â Â Â Â Â  The jury determines the credibility
of the witnesses and may Âbelieve all,
some, or none of the testimony.ÂÂ  Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991).Â  The jury could
have found the testimony of ParisÂs wife to be biased
or otherwise not credible.Â  The truck
ownerÂs testimony was inconsistent with his statement to the police.Â  We cannot say that there is strong evidence
contrary to the verdict.Â  The arresting
officer testified that he formed an opinion that Paris was intoxicated based
upon the strong odor of alcohol on ParisÂs breath, his denial that he had had
anything to drink, his unsteadiness in getting up from the booth, his shuffling
walk, his profanity towards a police officer, and his refusal to submit to any
field sobriety tests or an intoxilyzer.Â  He
also testified to smelling a strong odor of beer in his patrol car while
transporting Paris to jail.Â  Considering all of the evidence in a neutral
light, we cannot say that the jury was not rationally justified in finding beyond
a reasonable doubt that Paris was intoxicated.Â  Zuniga,
144 S.W.3d at 484.Â  We overrule this
issue.

Improper Argument

Â Â Â Â Â Â Â Â Â  Paris argues that the
prosecutor made an improper and prejudicial statement during closing argument
in the punishment phase which should have resulted in a mistrial.Â  During the guilt-innocence phase, the jury
learned of ParisÂs two prior
misdemeanor DWI convictions.Â  During the
punishment phase, the jury learned of an additional misdemeanor assault
conviction and a felony DWI conviction.Â 
In its closing argument, the prosecution referenced the StateÂs decision
not to give Paris probation for
the felony DWI conviction.Â  Paris objected that
the prosecutorÂs comments were outside the record because there was no evidence
about probation for that conviction.Â  The
trial court sustained the objection and instructed the jury to disregard the
statement.Â  The court then denied ParisÂs motion for
mistrial.

A court errs in
denying a motion for a mistrial only if the instruction to disregard was
inadequate to cure the prejudicial effect of the improper argument.Â  Long v.
State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991).Â  Reversal results from improper prosecutorial
argument only when the argument is extreme, manifestly improper, injects new
and harmful facts into the case or violates a mandatory statutory provision and
is thus so inflammatory that its prejudicial effect cannot reasonably be cured
by judicial instruction to disregard argument.Â 
Id.Â  In evaluating the adequacy of the instruction
to cure the prejudicial effect, we consider: the nature of the improper comment;
the persistence of the prosecutor; the flagrancy of the violation; the
particular instruction given; the weight of the incriminating evidence; and the
harm to the accused as measured by the severity of the sentence.Â  Roberson
v. State, 100 S.W.3d 36, 41 (Tex. App.ÂWaco 2002, pet. refÂd).Â  We find that the prosecutionÂs statement was
not so prejudicial that it could not be cured by the instruction to
disregard.Â  The trial court thus did not
err in denying the motion for mistrial.Â 
We overrule the issue.

CONCLUSION

Â Â Â Â Â Â Â Â Â  Having overruled the issues, we affirm
the judgment.

Â 

BILL VANCE

Justice

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed February 2,
 2005

Do not publish

[CR25]